CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## Third District—May Term, 1896.

### Walter E. Williamson v. Anton Ohnemus & Alexander Ohnemus, Copartners as A. Ohnemus & Bro.

1. EVIDENCE—*Error in Admission of, Cured by Subsequent Testimony.*—An error of the trial court in the admission of testimony may be cured by the subsequent testimony of the witness.

Assumpsit, for goods sold. Appeal from the Circuit Court of Adams County; the Hon. OSCAR P. BONNEY, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

L. E. EMMONS, JR., attorney for appellant.

HAMILTON & WOODS, attorneys for appellees.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit brought by the appellees against appellant to recover the value of a certain heating apparatus consisting of a furnace, pipes, registers, etc., furnished for the house of appellant.

The defense was that appellees were merely sub-contractors under one Austin, and that their contract was with Austin, who was the contractor to whom alone appellant was answerable, and to whom alone the appellees were to look for the amount of their bill.

(341)

A trial by jury resulted in a finding of the issues for the appellees, the damages being assessed at $298.05. The court refused a motion for new trial and rendered a judgment on the verdict, from which the present appeal is prosecuted. The question argued in the brief of appellant is whether the evidence supports the verdict. There was a square conflict. On the part of the appellees there was enough, if believed, to justify the conclusion that they dealt directly with the appellant, that it was so understood by the parties, and that the appellees had therefore a perfect right to call upon the appellant for the full amount due them for the work.

On the other hand the evidence would, if credited and uncontradicted, justify the opposite conclusion and it was for the jury to determine the issue thus presented. It is urged that the court erred in permitting Austin to answer whether he contracted with appellees for the work in question because this called for a conclusion.

Whatever of error there was herein, was obviated by the subsequent testimony of the witness when he proceeded in detail to state what he said and did in that behalf. No exception appears to any other rulings in the admission of evidence or the giving of instructions.

The judgment will be affirmed.